```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  ASHEVILLE DIVISION
                   1:07CV269-MU-02
```

```
LARRY DONNELL HARBISON,    )
     Plaintiff,            )
                           )
        v.                 )
                           )
BURKE COUNTY JAIL;         )
BURKE COUNTY SHERIFF'S     )
  OFFICE;                  )
RICHARD HEAD, Lieutenant   )
  at the Burke County      )
  Jail;                    )
SAM CRUMP, Sergeant at     )
  the Burke County Jail;   )
(FNU) HUSSEY, Sergeant at  )             O R D E R
  the Burke County She-    )
  riff's Office;           )
ROBERT BEALL, Sergeant at  )
  the Burke County She-    )
  riff's Office;           )
RODNEY NORMAN, Detective   )
  at the Burke County      )
  Sheriff's Office; and    )
BECKY BRENDLE, Lieutenant  )
  at the Burke County      )
  Sheriff's Office,        )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court on an initial review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed July 30, 2007.

In his Complaint, the plaintiff alleges that upon his arrival at the Burke County Jail in April 2006, he immediately

asked "Reggie Wilson" to place him in protective as the result of **defendant Hussey**'s having accused him of causing Hussey's former partner to be terminated, and Hussey's having spread that information around the Jail. In response to that request, the plaintiff indicates that he was placed in protective custody for 96 hours, after which he was placed in an 8-man cell.

The plaintiff further claims that while in that 8-man cell, he had several altercations which he believes were "the result of []Hussey's allegations." However, the plaintiff concedes that he "failed to report" some of those altercations when they happened.

In addition, the plaintiff alleges that he subsequently became a witness in a murder investigation; and that defendant Hussey became aware of his participation when defendants Beall and Norman asked Hussey to make copies of certain written statements. According to the plaintiff, Hussey read the statements, and then leaked information concerning the plaintiff's involvement throughout the Jail. As a result of that conduct, the plaintiff reports that he encountered "numerous problems," which led him to repeatedly ask **defendants Head and Crump** to return him in protective custody. However, the plaintiff alleges that Head and Crump failed to take any action for weeks; and that when they eventually moved him, he was placed in a 16-man cell, which cell was adjacent to the cell in which the murder suspect was being housed.

As for **defendant Brendle**, the plaintiff alleges that she secured his cooperation for her murder investigation with her promise that she would help him in his pursuit of protective custody. However, once he completed his cooperation, defendant Brendle failed to help him as she had promised.

Concerning **defendants Beall and Norman**, the plaintiff alleges that they were aware of the circumstances he was encountering as a result of his cooperation, but merely told defendants Head and Crump that they either could move the plaintiff or the murder suspect to another cell.

Last, as to defendants **Burke County Jail and Burke County Sheriff's Office**, the plaintiff alleges that "both agencies and their employees showed no concern [for his] safety in which led to assaults and injuries. . . . Every officer at the jail knew of [his] risk of harm and did nothing." Additionally, the plaintiff alleges that " the Sheriff's Office was also aware of . . . [his] participation in the investigation but they were still negligen[t] to [his] safety in which led to injuries."

Notwithstanding the obvious sincerity of the plaintiff, the Court finds that he has failed to state cognizable claims against several of the defendants. Indeed, the law is clear that in order to state a claim for relief against a municipality or one of its agencies, i.e., the Burke County Jail and the Burke Sheriff's Department, the plaintiff must allege facts to show

3

that the agencies were acting pursuant to an official policy or custom for which the County or municipality might be held responsible. McMillian v. Monroe County, 520 U.S. 781, 784 (1997); Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978); Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir. 1987).

Here, the plaintiff's allegations do not even hint at the existence of a formal policy or custom which might be implicated. On the contrary, his allegations tend to suggest that the inaction about which he complains was the result of decisions made by individual employees in their individual capacities. Therefore, defendants Burke County Jail and Burke County Sheriff's Office must be dismissed from this action.

Furthermore, the plaintiff's Complaint must be dismissed against defendants Beall, Norman and Brendle. To be sure, none of these three defendants actually were custodians at the Jail; therefore, none had either the duty or ability to ensure a cell change for the plaintiff. Furthermore, as to Beall and Norman, even the plaintiff's Complaint reflects that they took his requests to be moved seriously in that they reported them to jail personnel who, conceivably, could have taken some action. Consequently, on these facts the plaintiff simply cannot hold Beall and Norman accountable for any decisions about cell assignments which were made at the Jail.

Moreover, even if it can be said that defendant Brendle's

4

action of falsely promising to help the plaintiff in exchange for his cooperation was deceptive, such conduct still did not create either a duty or ability for Brendle actually to ensure that the plaintiff's efforts to be moved to another cell be granted. In sum, the plaintiff has failed to allege any facts which could state a claim for relief as against these three defendants. <u>See generally</u>, <u>Lovern v. Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999).

On the other hand, the Court finds that the plaintiff's allegations--that defendant Hussey placed him in danger by spreading rumors of his cooperation with a murder investigation against a fellow inmate and of his participation in the termination of a Jail employee who reportedly had given preferential treatment to some of the inmates; and that he actually was attacked and injured as a result of Hussey's conduct--is sufficient to withstand the Court's initial review for frivolity and/or failure to state a claim for relief. Likewise, the Court finds that the plaintiff's allegation that defendants Head and Crump were aware of Hussey's conduct, but failed to take any action to protect him from the resulting harm are sufficient to state a colorable claim, at least at this early stage of the litigation. Therefore, these three defendants will be directed to respond to the plaintiff's claims as hereafter set forth.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The plaintiff's action is **DISMISSED as to the Burke**

5

**County Jail, the Burke County Sheriff's Office, Robert Beall, Rodney Norman and Becky Brendle** for the plaintiff's failure to state a claim for relief as to them.  Furthermore, the Clerk shall strike these defendants' names from the record of this action.

   2.  The Clerk shall prepare process for defendants Hussey, Crump and Head, and shall deliver it to the U.S. Marshal.

   3.  The U.S. Marshal shall serve process upon those three defendants.

   4.  Defendants Hussey, Crump and Head shall file Answers or other responses in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

   **SO ORDERED.**

Signed: August 7, 2007

Graham C. Mullen
United States District Judge