```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      ASHEVILLE DIVISION
                       1:07CV269-MU-02
```

```
LARRY DONNELL HARBISON,   )
     Plaintiff,           )
                          )
       v.                 )
                          )
RICHARD HEAD, Lieutenant  )
  at the Burke County     )
  Jail;                   )
SAM CRUMP, Sergeant at    )
  the Burke County Jail;  )
(FNU) HUSSEY, Sergeant at )           O R D E R
  the Burke County She-   )
  riff's Office;          )
     Defendants.          )
_____)
```

**THIS MATTER** comes before the Court on Plaintiff's Motions for Reconsideration (Doc. Nos. 13 and 20), filed August 28 and November 5, 2007, respectively; on his Motion for Permanent Injunction (Doc. No. 14), filed August 28, 2007; on his Motion to Re-evaluate the Record (Doc. No. 16), filed September 11, 2007; on his Motion to Add Defendants (Doc. No. 17), filed September 11, 2007; on his Motion to Appeal Denial of Court Appointed Counsel (Doc. No. 21), filed January 25, 2008; on his Motion to Appeal Judgment Dismissing Defendants (Doc. No. 22), filed January 25, 2008; on his combined Motion for Order to Show Cause and for Temporary Restraining Order (Doc. No. 25), filed January

31, 2008; on his Motion to Deny Defendants' Motion for Summary Judgment (Doc. No. 26), filed February 14, 2008; and on his Motion to Answer Motions (Doc. No 28), filed September 3, 2008.

The record of this matter reflects that on June 4, 2007, Plaintiff filed a civil rights Complaint under 28 U.S.C. § 1983 against several individuals at the Burke County Jail under case number 1:07CV204. Thereafter, on July 30, 2007, Plaintiff filed a second action, the instant civil rights Complaint, under 42 U.S.C. §1983.[1] By this Complaint, Plaintiff alleged a number of matters, most of which were subject to summary dismissal for various reasons. Accordingly, on August 8, 2007, the undersigned entered an Order dismissing five of the eight defendants who were named in the action.

However, the Court determined that Plaintiff had set forth allegations against the above-named Defendants which were sufficient, at least at the initial review stage, to withstand summary dismissal. Consequently, on August 8, 2007, the Court entered an Order (Doc. No. 2) directing the three remaining Defendants to respond to the Complaint. To that end, on August 21, 2007, remaining Defendants Head, Crump and Hussey filed an Answer (Doc. No. 12) denying that the Complaint states a claim upon

---

[1] Both Plaintiff's first Complaint and the instant one name Sergeant Sam Crump as a defendant.

which relief can be granted, that Plaintiff has exhausted his administrative remedies, and that he is entitled to any relief on his surviving claims.

Thereafter, Plaintiff began filing the above-referenced Motions with the Court. As to his Motions for Reconsideration of his request for the appointment of counsel, the Court's records reflect that Plaintiff has not filed an initial motion for the appointment of counsel in this case. Rather, his initial motion for counsel appears to have been filed in his other action, Case Number 1:07CV204. In any case, the record further shows that on at least three prior occasions, Plaintiff has been advised by this Court that the appointment of counsel is discretionary and should only be done in exceptional circumstances. Notwithstanding his beliefs to the contrary, neither of Plaintiff's Motions for Reconsideration has established exceptional circumstances so as to warrant the appointment of counsel. Therefore, Plaintiff's Motions (Doc. Nos. 13 and 20) will be <u>denied</u>.

As to Plaintiff's Motion for a Permanent Injunction seeking his release from long-term maximum control lockup pending his conviction on an escape charge, this issue is governed by the Fourth Circuit's recent ruling in <u>The Real Truth About Obama v.</u>

FEC, 575 F.3d 342 (4th Cir. 2009).² That decision, which is based upon the Supreme Court's ruling in Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374-76 (2008), modifies the standard which previously was used in this Circuit. The Real Truth About Obama recognized that because a preliminary injunction essentially affords a party relief prior to the time that a court resolves the actual issue(s) in question, the party seeking such relief must satisfy four requirements, chief among which is the requirement that the party establish "by 'a clear showing' that . . . [he] is likely to succeed on the merits at trial." 575 F.3d at 345-46. Plaintiff has not met this requirement. Furthermore, pleadings which Plaintiff subsequently filed reflect that he already has been convicted of the escape charge. Consequently, this Motion (Doc. No. 14) also will be dismissed.

Concerning Plaintiff's so-called Motion to Re-evaluate the Record, by which he seeks to have his claims of negligence and deliberate indifference reinstated against Defendants Beall and Norman, the Court finds that the Motion fails. The law is clear

---

² On June 19, 2008, the Court entered an Order denying this identical Motion in Plaintiff's other case. Although that Order applied the less demanding balance-of-hardships test that was required by Blackwelder Furniture Co. v. Seilig Mfg Co., 550 F.2d 189, 193 (4th Cir. 1977), Plaintiff still was not able to meet his burden under that test. It goes without saying, therefore, that he cannot meet his burden under the more exacting test announced in Winter and applied in The Real Truth About Obama.

4

that allegations of mere negligence do not state a claim for relief under § 1983. See Davidson v. Cannon, 474 U.S. 344, 347 (1986); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Therefore, to the extent that Plaintiff seeks to have such negligence allegations reinstated, his Motion must be denied.

Furthermore, the Court has determined that even if it misconstrued Plaintiff's allegation of deliberate indifference as against Beall and Norman, that still does not entitle him to have those allegations reinstated. That is, the gist of Plaintiff's allegations against Beall and Norman is that they were aware that he was in danger by virtue of other inmates having discovered his cooperation with Beall and Norman's murder investigation; and that they failed to ensure he was placed in protective custody away from the murder suspect. Notably, however, Beall and Norman were not Jail employees or officials, but were detectives employed by the Sheriff's Department. As such, these two individuals had no authority to order or effectuate Plaintiff's placement into protective custody. Moreover, inasmuch as Plaintiff's Complaint shows that he did make his request for protective custody to actual Jail personnel, there is no basis to reinstate his allegations against Detectives Beall and Norman. Therefore, this Motion (doc. NO. 16) will be denied.

Plaintiff also has filed a Motion (Doc. No. 17) seeking to

5

have Burke County Jail and Burke County Sheriff's Office reinstated to his action. Plaintiff contends that the Jail and the Sheriff's Office are liable to him for having allowed Defendant Hussey's misconduct of leaking harmful information about him to other inmates to go undisciplined; that such misconduct caused Plaintiff physical and emotional injuries and harm; that the Jail and the Sheriff's Office should have adopted a policy that requires discipline for this type of misconduct; that there are existing policies that call for the discipline of officers for certain types of misconduct; and that these entities may have breached a policy by failing to protect him.

However, as was previously explained to Plaintiff, in order to hold the County or its entities liable, he must allege facts which tend to show that the acts about which he complains were done pursuant to an official policy or custom. Even considering Plaintiff's new assertions as outlined above, he still has not met the threshold pleading requirement for asserting a claim of municipal liability. See McMillan v. Monroe County, 520 U.S. 781, 784 (1997); Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978); Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir. 1987). Therefore, this Motion (Doc. No. 17) also will be denied.

Plaintiff filed a Motion to Appeal (Doc. No. 21) the purported denial of his motion for the appointment of counsel.

However, as was previously noted, Plaintiff did not file an initial motion for the appointment of counsel in this case. He only has mistakenly filed Motions for Reconsideration in this case, upon which Motions the Court is only now ruling. In any case, because Plaintiff has filed a motion to appeal, and he is seeking to challenge a non-appealable ruling, his appeal simply is not authorized. See 28 U.S.C. § 1291 (explaining the types of orders over which a court of appeals can preside); Jones v. Buncombe County Sheriff's Office, 314 Fed. App'x 539 (Nov. 21, 2008) (dismissing interlocutory appeal of denial of request for counsel in § 1983 action). Therefore, this Motion (Doc. No. 21) will be denied.

Likewise, Plaintiff's Motion to Appeal the Court's dismissal of Detectives Beall, Norman and Brendle from this action (Doc. No. 22) also must be rejected. That is, this Motion, which is not a Notice of Appeal, seeks permission to appeal a non-appealable issue. As such, the Motion seeks permission for an unauthorized interlocutory appeal and must be denied. See Simms v. Osborne, 64 F.3d 659 (4th Cir. Aug. 16, 1995) (Table) (dismissing interlocutory appeal of dismissal of some claims and defendants).

Plaintiff has filed a combined Motion for a Show Cause Order and Motion for Temporary Restraining Order (Doc. No. 25). Accord-

7

ing to his document, Plaintiff claims that Defendants' deliberate indifference concerning his safety "caused [him] to escape [along with two other inmates] the Burke County Jail under 'duress' because [his] life was threatened by inmates on the night of January 10, 2007 . . . ." At any rate, Plaintiff seeks to have the Lanesboro Correctional Institution, where he currently is serving his sentence, to explain why he is in segregated confinement or return him to the general population. Plaintiff, without providing further information, claims that he has reason to believe that LCI is keeping him in segregated confinement at the request of Defendants Head and Crump, not because they have some lawful reason for doing so. Plaintiff further complains that due to his segregated status, he is not being afforded the same opportunities as other inmates, and that he was not able to present evidence at his custody status hearing.

Suffice it to say, however, the foregoing allegations do not directly relate to any of Plaintiff's current allegations in this Complaint. As such, this Motion (Doc. No. 25) must be <u>denied</u>.

Plaintiff has filed a Motion to Deny Defendants' Motion for Summary Judgment (Doc. No. 26) As to said Motion, the Court's review shows that the document seeks to rejoin Defendants' arguments and attaches copies of cases as exhibits in purported opposition to Defendants' motion. Notably, however, the so-

called Motion does not seek any relief in its own behalf.  As such, the Motion will be dismissed.  However, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court will Plaintiff an opportunity to fully respond to Defendant's Motion for Summary Judgment.

Plaintiff has filed a Motion seeking to have the Court respond to his Motions (Doc. No. 28).  However, in light of this Order, Plaintiff's Motion will be dismissed as moot.

The Court has carefully reviewed Defendants' Motion for Summary Judgment and determined that they may be entitled to a judgment as a matter of law.

**PLAINTIFF HARBISON, PLEASE READ THIS CAREFULLY:**

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding pro se, of the heavy burden that he carries in responding to Defendants' Motion.  Indeed, the Federal Rules of Civil Procedure provide:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2008).  This language means that if

9

Plaintiff has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement sworn before a notary public, and "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). An unsworn statement, made and signed under the penalty of perjury, also may be submitted.

Affidavits or unsworn statements must be presented by Plaintiff to this Court within thirty (30) days of the entry of this Order. <u>As stated by Rule 56(e)(2), Plaintiff's failure to respond may result in granting Defendants' Motion for Summary Judgment, that is, in the dismissal of this Complaint with prejudice</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff has thirty (30) days from the entry of this Order to file his response, including any evidence, to Defendants' Motion for Summary Judgment.

**IT IS FURTHER ORDERED THAT:**

1. Plaintiff's Motions for Reconsideration (Doc. Nos. 13 and 20) are **DENIED;**

2. Plaintiff's Motion for Permanent Injunction (Doc. No. 14) is **DISMISSED;**

3. Plaintiff's Motion to Re-evaluate the Record (Doc. No. 16 ) along with his Motion to Add Defendants (Doc. No. 17) are **DENIED;**

4. Plaintiff's Motions to Appeal (Doc. Nos. 21 and 22) are **DENIED;**

5. Plaintiff's combined Motion for Order to Show Cause and for a Temporary Restraining Order (Doc. No. 25), is **DENIED;**

6. Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Doc. No. 26) is **DISMISSED;** and

7. Plaintiff's Motion to Answer Motions (Doc. No 28) is **DISMISSED.**

The Clerk shall send copies of this Order to the parties. **SO ORDERED.**

Signed: April 8, 2010

Graham C. Mullen
United States District Judge