IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv269

| | |
|---|---|
| LARRY DONNELL HARBISON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAM CRUMP, Sergeant at the ) <br>   Burke County Jail;[1] ) <br> RICHARD HEAD, Lieutenant at ) <br>   the BCJ; and ) <br> DWIGHT JUSTIN HUSSEY, ) <br>   Detention Officer at the BCJ, ) <br> ) <br> Defendants. ) <br> _____ ) | O R D E R |

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Doc. No. 32); and his combined Motions for Reconsideration of his Motion for Court Appointed Counsel and to Appear by Satellite or Some Other Method Approved by the Court. (Doc. No. 36).

Document # 32 was captioned by Plaintiff as a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and a Motion to Deny Defendants' Motion for Summary Judgment. However, Rule 56(e)(2) of the Federal Rules of Civil Procedure contemplates a response to a motion for summary judgment. Nonetheless, the Court has carefully reviewed the arguments raised in Doc. # 32 when it considered Defendants' Motion for Summary Judgment; therefore, Plaintiff's Motion will be dismissed as moot.

The second Motion before the Court (Doc. No. 36) is partially aimed at having the Court appoint counsel for Plaintiff. (Doc. No. 36). In support of that request, Plaintiff asserts, <u>inter</u>

---

[1] The Burke County Jail will be referred to a "BCJ," hereafter.

alia, that he is a lay man with no trial experience; that a portion of his case has survived Defendants' Motion for Summary Judgment but he is in custody and does not have access to the materials that he will need for trial; and that Defendants are represented by counsel. [Id. at 1-2]. Notably, however, Plaintiff does not allege that he is unable to afford counsel; nor does he make any mention of his financial status.

A civil litigant does not have a constitutional right to counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds, Mallard v. United States District Court, 490 U.S. 296, 300-01 (1989). Rather, when a case involves exceptional circumstances, the Court is permitted to request an attorney to represent a person who is "unable to afford counsel." 28 U.S.C. § 1915(e)(1); Whisenant, 739 F.2d at 163. In the instant case, it is not clear whether Plaintiff can demonstrate the existence of exceptional circumstances. He has made no effort to demonstrate that he is unable to afford counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

The remainder of Plaintiff's Motion deals with his request to appear at trial by satellite or some other method approved by the Court. [Doc. No. 36]. This request is not ripe.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Doc. No. 32) is **DISMISSED as moot**; and

2. Plaintiff's Motion for Reconsideration for Court Appointed Counsel (Doc. No. 36), which was construed as a motion to appoint counsel, is **DENIED**.

Signed: November 2, 2010

Robert J. Conrad, Jr.
Chief United States District Judge