IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv269-MU

| | |
|---|---|
| LARRY DONNELL HARBISON, )<br>)<br>    Plaintiff, )<br>)<br>       v. )<br>)<br>SAM CRUMP, Sergeant at the )<br>  Burke County Jail;[1] )<br>RICHARD HEAD, Lieutenant at )<br>  the BCJ; and )<br>DWIGHT JUSTIN HUSSEY, )<br>  Detention Officer at the BCJ, )<br>)<br>    Defendants. )<br>_____) | O R D E R |

**THIS MATTER** is before the Court on Defendants' Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. No. 40).

Pertinent to this Motion, the record reflects that Petitioner filed his civil rights Complaint on July 30, 2007, complaining about a number of matters, including that he was subjected to deliberate indifference by Defendants. (Doc. No. 1 at 3). However, the only claims that survived the Court's initial review were claims alleging that Defendant Hussey subjected Plaintiff to two instances of deliberate indifference, and that Defendants Head and Crump were repeatedly deliberately indifferent to Plaintiff. Specifically, Plaintiff alleged that in April 2006, shortly after his arrival at the BCJ, Defendant Hussey told Plaintiff's fellow inmates that Plaintiff had caused the termination of Officer Merrill, who reportedly had been giving favorable treatment to the inmates; and that as a result of Defendant Hussey's conduct, Plaintiff requested and was given protective custody, but only for 96 hours, and once he was returned to the general population, he

---

[1] The Burke County Jail will be referred to a "BCJ," hereafter.

had several altercations with his fellow inmates because of Defendant Hussey's conduct. (Id. at 7). Plaintiff also alleged that Defendant Hussey subsequently told inmates about his cooperation in a murder investigation which was targeting a fellow inmate; that Plaintiff repeatedly sought but was denied protective custody as a result of this situation; and that such conduct further resulted in his altercations with fellow inmates. (Id. at 3, 7-8). Plaintiff alleged that he sustained injuries and "permanent loss" from his various altercations. (Id. at 3). Last, Plaintiff alleges that he made both Defendants Head and Crump aware of Hussey's conduct and requested that they place him (Plaintiff) in protective custody, but Head and Crump failed to take corrective action either to stop Hussey or to protect Plaintiff. (Id. at 8).

On August 21, 2007, Defendants filed an Answer denying the material allegations of Plaintiff's claims. (Doc. No. 12). Thereafter, on February 8, 2008, Defendants filed a Motion for Summary Judgment arguing that Plaintiff could not prevail on his claims of deliberate indifference because he could not establish that Defendant Hussey knew about his involvement in the murder investigation, or that Defendants Head and Crump were aware of his alleged problems with other inmates as a result of Defendant Hussey's conduct concerning that investigation. (Doc. No. 23 at 5-7). Defendants further contended that Plaintiff could not, in any event, establish any resulting harm because there is no evidence that he ever sustained or was treated for any injuries which he sustained during altercations with other inmates. (Id. at 7-8). Furthermore, Defendants argued that to the extent that Plaintiff's allegations could be construed as seeking redress for mental and/or emotional injuries, such a claim also would be barred under the Prison Litigation Reform Act of 1995 for Plaintiff's failure to show resulting physical harm. (Id. at 9). Consequently, Defendants argued that there was no merit to Plaintiff's claims, and they were entitled to judgment as a matter of law. (Id. at 1).

Defendants submitted several exhibits in support of their Motion, including Defendants' sworn Declarations. (Doc. Nos. 23-2 through 23-4). Such Declarations tended to show that Defendants Hussey and Head were unaware of Plaintiff's involvement with the murder investigation; that Defendant Hussey never informed anyone of that involvement; that Defendant Head was unaware of Plaintiff's reports that Defendant Hussey told other inmates about Plaintiff's involvement in that investigation; that no Defendant was are unaware of Plaintiff's requests for or receipt of medical treatment for injuries which he allegedly sustained during fights with other inmates at the BCJ; and that Plaintiff never requested protective custody as a result of his involvement with the murder investigation. (Id.).

On February 14, 2008 and May 3, 2010, Plaintiff filed responses to Defendants' Motion for Summary Judgment. (Doc. Nos. 26 and 32). Such responses, in part, contended that Plaintiff had made numerous requests for protective custody, and was placed there by another officer in connection with Defendant's Hussey's conduct concerning the termination of Officer Merrill; that such other officer moved him after he was involved in "several incidents with inmates [and] suspect"; that he showed Defendants Head and Crump that he had lost teeth and sustained a broken finger, presumably as a result of altercations caused by Defendants' conduct; and that he sought medical treatment on occasions, but his requests were discarded. (Doc. No. 26 at 2-6; Doc. No 32 at 2-4). Notably, Plaintiff's first response further pointed out Defendants' failure to respond to his allegation concerning Defendant Hussey's initial misconduct in telling other inmates that Plaintiff had caused the termination of Officer Merrill, or that such conduct had caused Plaintiff to seek protective custody. (Doc. No. 26 at 4-5).

On May 17, 2010, Defendants filed a reply which exclusively related to Plaintiff's allegations concerning the murder investigation. (Doc. No. 33 at 2-4). Such reply made no

mention of Plaintiff's allegations about Hussey's retaliation for Plaintiff's having allegedly caused Officer Merrill's.

Accordingly, on June 4, 2010, the Court entered an Order reporting its findings that Plaintiff had failed to forecast evidence to rebut Defendants' evidentiary forecast which tended to show that Hussey and Head were not aware of Plaintiff's involvement in the murder investigation, and the evidence that Hussey did not show deliberate indifference by disclosing that information to other inmates. (Doc. No. 35 at 11-12). The Court further found that Plaintiff had failed to overcome Defendants' evidence tending to show that neither Defendant Head nor Crump showed deliberate indifference by failing either to correct Hussey's conduct related to the murder investigation, or to protect Plaintiff from the impact of any such conduct by Hussey. (Id. ). Therefore, the Court granted Defendants' Motion for Summary Judgment as to those claims.

However, the Court determined that Defendants had failed to proffer any evidence to overcome Plaintiff's allegations that he had altercations with other inmates and sustained injuries as a result of Defendant Hussey's having told inmates that Plaintiff was responsible for Officer Merrill's termination; or that Defendants Head and Crump failed to protect him and take corrective action against Hussey. (Id. at 12-13). Therefore, the Court denied Defendants' Motion for Summary Judgment as to those allegations. (Id. at 13).

After obtaining leave of Court, on October 19, 2010, counsel for Defendants deposed Plaintiff at his prison facility. (Doc. No. 40-2 at 2). On January 31, 2011, Defendants filed the instant Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b) asking the Court to revisit its earlier decision denying them summary judgment as to Plaintiff's allegations regarding Officer Merrill's termination. (Id. at 5-6). Defendants contend, inter alia, that Plaintiff's testimony

4

during his deposition along with his medical records belie his allegations and, instead, reflect that he did not sustain a broken finger or the loss of his teeth as a result of inmate altercations at the BCJ. (Id. at 7-11). Therefore, Defendants ask the Court to grant them a summary judgment on Plaintiff's remaining claim. (Id. at 16).

A motion for reconsideration of an interlocutory order is governed by Rule 54(b), Fed. R. Civ. P. The Rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (2010); American Canoe Ass'n. v. Murphy Farms, Inc., 326 F.3d 505 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted.") (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)). However, before addressing Defendants Rule 54(b) Motion, the Court will give Plaintiff a final opportunity to address Defendants' arguments that his deposition and medical records establish that Defendants are entitled to judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** that within thirty (30) days of this Order, Plaintiff shall file a response to Defendants' Motion. <u>Plaintiff is advised that his failure to respond to such Motion will result in the granting of summary judgment for Defendants</u>.

**IT IS SO ORDERED**.

Signed: May 27, 2011

Graham C. Mullen
United States District Judge