IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv269-MU

| | |
|---|---|
| LARRY DONNELL HARBISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAM CRUMP, Sergeant at the )<br>  Burke County Jail;[1] )<br>RICHARD HEAD, Lieutenant at )<br>  the BCJ; and )<br>DWIGHT JUSTIN HUSSEY, )<br>  Detention Officer at the BCJ, )<br>)<br>Defendants. )<br>_____) | O R D E R |

**THIS MATTER** is before the Court on Defendants' Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. No. 40).

The full history of Plaintiff's case has been recounted in prior Orders of this Court. (Doc. Nos. 31, 35 and 41). Pertinent here, on July 30, 2007, Plaintiff filed a civil rights Complaint complaining about a number of matters, including that he was subjected to deliberate indifference by Defendants. (Doc. No. 1 at 3). However, the only claims that survived the Court's initial review were ones alleging that Defendant Hussey subjected Plaintiff to two instances of deliberate indifference, and that Defendants Head and Crump were repeatedly deliberately indifferent to Plaintiff.

On August 21, 2007, Defendants filed an Answer denying the material allegations of Plaintiff's claims. (Doc. No. 12). Thereafter, on February 8, 2008, Defendants filed a Motion for Summary Judgment arguing that Plaintiff could not prevail on his claims of deliberate

---

[1] The Burke County Jail will be referred to a "BCJ," hereafter.

indifference because he could not establish that Defendant Hussey knew about his involvement in the murder investigation, or that Defendants Head and Crump were aware of his alleged problems with other inmates as a result of Defendant Hussey's conduct concerning that investigation. (Doc. No. 23 at 5-7). Defendants further contended that Plaintiff could not, in any event, establish any resulting harm because there is no evidence that he ever sustained or was treated for any injuries which he sustained during altercations with other inmates. (Id. at 7-8). Furthermore, Defendants argued that to the extent Plaintiff's allegations could be construed as seeking redress for mental and/or emotional injuries, such a claim also would be barred under the Prison Litigation Reform Act of 1995 for Plaintiff's failure to show resulting physical harm. (Id. at 9). Consequently, Defendants argued that there was no merit to Plaintiff's claims, and they were entitled to judgment as a matter of law. (Id. at 1). Defendants also submitted several exhibits in support of their Motion, including Defendants' sworn Declarations, showing that Defendants Hussey and Head were unaware of Plaintiff's involvement with the murder investigation; that Defendant Hussey never informed anyone of that involvement; that Defendant Head was unaware of Plaintiff's reports that Defendant Hussey told other inmates about Plaintiff's involvement in that investigation; that no Defendant was are unaware of Plaintiff's requests for or receipt of medical treatment for injuries which he allegedly sustained during fights with other inmates at the BCJ; and that Plaintiff never requested protective custody as a result of his involvement with the murder investigation. (Doc. Nos. 23-2 through 23-4).

On February 14, 2008 and May 3, 2010, Plaintiff filed responses to Defendants' Motion for Summary Judgment. (Doc. Nos. 26 and 32). Such responses attempted to refute Defendants' contentions and pointed out the deficiencies in certain of their arguments, including their failure to respond to his allegations concerning Defendant Hussey. (Doc. No. 26 at 2-6; Doc. No 32 at

2-5). On May 17, 2010, Defendants filed a reply which failed to rejoin all of Plaintiff's arguments. (Doc. No. 33 at 2-4).

Accordingly, on June 4, 2010, the Court entered an Order reporting its findings that Plaintiff had failed to forecast evidence to rebut Defendants' evidentiary forecast that Hussey and Head were not aware of Plaintiff's involvement in the murder investigation, and their evidentiary forecast that Hussey did not show deliberate indifference by disclosing that information to other inmates. (Doc. No. 35 at 11-12). The Court further found that Plaintiff had failed to overcome Defendants' forecast tending to show that neither Defendant Head nor Crump showed deliberate indifference by failing either to correct Hussey's conduct related to the murder investigation, or to protect Plaintiff from the impact of any such conduct by Hussey. (Id. ). Therefore, the Court granted Defendants' Motion for Summary Judgment as to those claims. However, the Court determined that Defendants had failed to proffer any evidence to overcome Plaintiff's allegations that he had altercations with other inmates and sustained injuries as a result of Defendant Hussey's having told inmates that Plaintiff was responsible for Officer Merrill's termination; or that Defendants Head and Crump failed to protect him and take corrective action against Hussey. (Id. at 12-13). Therefore, the Court denied Defendants' Motion for Summary Judgment as to those allegations. (Id. at 13).

After obtaining leave of Court, on October 19, 2010, counsel for Defendants deposed Plaintiff at his prison facility. (Doc. No. 40-2 at 2). On January 31, 2011, Defendants filed the instant Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b) asking the Court to revisit its earlier decision denying them summary judgment as to Plaintiff's allegations regarding Officer Merrill's termination. (Id. at 5-6). Defendants contend, inter alia, that Plaintiff's testimony during his deposition along with his medical records belie his allegations and, instead, reflect that

3

he did not sustain a broken finger or the loss of his teeth as a result of inmate altercations at the BCJ. (Id. at 7-11). Therefore, Defendants ask the Court to grant them a summary judgment on Plaintiff's remaining claim. (Id. at 16).

On May 27, 2011, the Court entered an Order directing Plaintiff to respond to Defendants' Motion within thirty days. (Doc. No. 41). Furthermore, the Court's order admonished Plaintiff that his failure to respond to Defendants' Motion would result in the granting of summary judgment for them. Nevertheless, Plaintiff's filing deadline expired more than one week ago on June 27, 2011, yet he still has not filed a response as directed.

A motion for reconsideration of an interlocutory order is governed by Rule 54(b), Fed. R. Civ. P. The Rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (2010); American Canoe Ass'n. v. Murphy Farms, Inc., 326 F.3d 505 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted.") (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

Furthermore, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment a matter of law." Fed. R. Civ. P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, and answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes

4

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The Court has considered the unopposed arguments set forth in Defendants' Motion for Reconsideration and has determined, for the reasons set forth therein, that said Motion should be granted. Indeed, that Motion reflects that Plaintiff ' testimony during his deposition along with his medical records all reflect, contrary to his allegations, that he simply did not sustain a broken finger, the loss of his teeth or suffer any other injury as a result of inmate altercations at the BCJ. Therefore, Defendants are entitled to a summary judgment as to all of Plaintiff's claims.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion for Reconsideration of the Court's Order of June 4, 2010 (Doc. No. 40) is **GRANTED;**

2. Defendants' Motion for Summary Judgment (Doc. No. 23) is **GRANTED** as to all of Plaintiff's claims; and

3. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** in its entirety.

**SO ORDERED**.

Signed: July 7, 2011

Graham C. Mullen
United States District Judge